FILED
COURT OF APPEALS
DIVISION II
2015 JUN -4 AM 8: 37
STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STANGEL FAMILY TRUST by BEATRICE STANGEL, Trustee, | No. 45926-4-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| ELLEN MARIE STANGEL, | |
| Respondent. | |

SUTTON, J. — The Stangel Family Trust (Trust), through its Trustee, Beatrice Stangel, appeals the trial court's orders that entitled Ellen Stangel to possession of certain real property and the right to obtain a purchase money mortgage or loan to buy the property from the Trust.[1] The Trust also appeals the amount of the judgment against Ellen and the award of the property's equity to Ellen. The Trust argues that several of the trial court's findings of fact do not support its order for reconsideration. Holding that the trial court's challenged conclusions of law are not supported by the findings, we reverse the order on reconsideration, lift the stay on the writ of restitution, and remand for further proceedings consistent with this opinion.

## FACTS

### I. THE STANGEL FAMILY TRUST

In 1997, Beatrice and William Stangel purchased property located on East North Parkway in Tacoma, Washington. Ellen, William's daughter, moved into the home on the property in July 1997. In 1999, Beatrice and William deeded the property to the Stangel Family Trust. In November 2003, Beatrice and William amended the Trust through a document referred to as the

---

[1] We refer to the Stangels by their first names for clarity. We intend no disrespect.

Second Amendment to Declaration of Trust of William J. Stangel and Beatrice F. Stangel (the Second Trust Amendment). The Second Trust Amendment made two changes pertinent to the Trust's appeal.

First, the Second Trust Amendment granted the Tacoma property as a specific gift to Ellen to be distributed *after* the death of the surviving spouse. It provided:

> If the residence in Tacoma, Washington, currently occupied by Husband's daughter, [Ellen], is part of the trust estate, then this asset shall be distributed to [Ellen], subject to any outstanding liens and encumbrances at the date of distribution. However, if [Ellen] survives the surviving Settlor, then any outstanding mortgage or deed of trust lien shall be discharged from Ellen's share of the residuary trust estate that she is entitled to receive pursuant to paragraph 4.4 below. In addition, *in the event [William] is the first of the Settlors to die*, [Ellen] shall have the right to remain in the Tacoma, Washington residence *in the same manner and on the same terms* that she currently occupies such residence, *provided* she signs an agreement with the Trustee acknowledging that following the death of the surviving Settlor, the balance outstanding of any mortgage or deed of trust lien on the residential property shall be paid from and charged against her share of the residuary trust estate pursuant to paragraph 4.4 below.[2]

Clerk's Papers (CP) at 76-77 (emphasis added).

Second, the Second Trust Amendment restricted the Trustee's power to engage in transactions with trust property as to the Tacoma property, providing that:

> If the residence in Tacoma, Washington, currently occupied by Husband's daughter, [Ellen], *is part of the trust estate* and still occupied by [Ellen], the *Trustee shall have no power to sell*, lease, encumber, or take any other action regarding this asset *without the written consent of [Ellen], who shall have the right to occupy* this property *as long as she pays all of the expenses* related to the property including, without limitation, all mortgage payments, taxes, insurance, maintenance, and repairs.

---

[2] Paragraph 4.4 of the Trust was also amended in the Second Trust Amendment; that amendment dealt with division of the residuary trust after the death of the surviving spouse.

CP at 78 (emphasis added). Ellen paid the mortgage for two years, but she did not do so beyond November 1999.

## II. PROCEDURE

The Trust demanded that Ellen make the mortgage payments, but Ellen did not comply. On March 20, 2013, Ellen was served with a notice to quit premises requiring her to surrender the premises on or before April 30. After Ellen failed to vacate, the Trust filed a complaint for ejectment.

### A. Findings of Fact, Conclusions of Law, and Judgment

Following a bench trial, the trial court entered findings of fact, conclusions of law, and judgment in favor of the Trust. The trial court found that the Second Trust Amendment required Ellen to pay the mortgage, taxes, insurance, and maintenance on the property, that she had been notified of that requirement, and that the Trust had demanded she make those payments but she failed to comply, entitling the Trust to possession of the property. The trial court ordered Ellen to pay the Trust $15,048.74, which constituted three years of back mortgage payments (according to the statute of limitations that limited recovery to three years), less credit for two years of mortgage payments that Ellen made before November 1999. The trial court ordered the Trust to list the property for sale and give Ellen the proceeds as equity in the property that, as the trial court found, Ellen was entitled to receive under the Second Trust Amendment.

### B. Order on Reconsideration

Following Ellen's motion for reconsideration, the trial court ordered that Ellen had the right to obtain a purchase money mortgage or loan on the property sufficient to pay off her judgment debt to the Trust and the Trust's underlying mortgage on the property. Following completion of that loan, the trial court ordered that the Trust's interest in the property would be terminated and

that "there shall be no offset of [Ellen's] ultimate distributions from the Stangel Family Trust as a result of [the property's] transfer" to Ellen. CP at 174. The Stangel Family Trust appeals.

ANALYSIS

The Trust appeals findings of fact 1.6,[3] 1.7,[4] and 1.9,[5] which were mislabeled because they are conclusions of law. The Trust also appeals conclusions of law 2.4 (staying the writ of restitution rather than entitling the Trust to immediate possession) and conclusion 2.6 (entitling the Trust to a lower amount of back payments than the Trust believes it is entitled to be paid). Finally, the Trust appeals the trial court's order on reconsideration, which (1) entitled Ellen to obtain a purchase money mortgage or loan to purchase the property, (2) stayed the writ, allowing Ellen to retain possession of the property, and (3) extinguished the Trust's claim of interest in the property without reducing Ellen's distribution from the Trust. Here, the trial court's challenged conclusions of law and the order on reconsideration are not supported by and directly contrary to unchallenged

---

[3] Finding of fact 1.6 states, "[Ellen] is entitled to the equity in the property." CP at 150.

[4] Finding of fact 1.7 states:

> [Ellen] was required to make all mortgage, insurance, and tax payments on the property. [Ellen] made said payments for two years up to but not beyond November, 1999. The statute of limitations bars recovery of such payment except for the last three years ending March 2013. Credit for the years that [Ellen] paid the mortgage will be deducted from those years, leaving a balance of $10,622.64 for that period owing [the Trust]. An additional $ 4,426.10 is also owed [the Trust] for payments from April 1, 2003 to August 31, 2013.

CP at 150.

[5] Finding of fact 1.9 states, "[The Trust] shall list the property for sale and apply the proceeds from said sale as stated in paragraph 1.6, no later than the time [Ellen] vacates the premises and leaves the premises in a neat and orderly condition." CP at 151.

No. 45926-4-II

finding of fact 1.4.[6]

## I. STANDARD OF REVIEW

We review a trial court's decision following a bench trial by asking whether the trial court's findings of fact are supported by substantial evidence and whether the conclusions of law are supported by the findings of fact. *Pub. Util. Dist. No. 2 of Pac. County v. Comcast of Wash. IV, Inc.*, 184 Wn. App. 24, 48, 336 P.3d 65 (2014), *as amended on reconsideration*, (No. 70625-0-I) (Feb 10, 2015). Our review is deferential, and we make all reasonable inferences in the light most favorable to the prevailing party. *Pub. Util. Dist. No. 2*, 184 Wn. App. at 48-49. Unchallenged findings of fact are verities on appeal. *Casterline v. Roberts*, 168 Wn. App. 376, 381, 284 P.3d 743 (2012).

We review questions of law and conclusions of law de novo. *Pub. Util. Dist. No. 2*, 184 Wn. App. at 78. If the trial court mislabels a conclusion of law as a finding of fact, we review it as a conclusion of law de novo. *Casterline*, 168 Wn. App. at 381. Interpretation of a trust provision is a question of law we review de novo. *In re Wash. Builders Benefit Trust*, 173 Wn. App. 34, 75, 293 P.3d 1206, *review denied*, 177 Wn.2d 1018 (2013). In construing a trust, the settlor's intent controls, which is determined by the language of the trust instrument as a whole. *Wash. Builders*, 173 Wn. App. at 75.

---

[6] Finding of fact 1.4 states:

On November 4, 2003, William and Beatrice Stangel amended the family trust by a document referred to as the Second Amendment to Declaration of Trust of William J. Stangel and Beatrice F. Stangel. The terms of the second amendment to the trust required [Ellen] to pay the mortgage, taxes, insurance and all maintenance of the property. [Ellen] was notified of the terms of the amendment. Demand has been made by [the Trust] for [Ellen] to make said payments but [Ellen] has failed to comply. [Ellen] has made no payment since the second amendment to the trust. Failure to make said payments entitled the trustee of the trust to possession of the property.

CP at 149-50.

5

The trial court's challenged conclusions of law are unsupported by the settlor's intent as determined by the Second Trust Amendment and unsupported by the findings of fact. First, no language in the Second Trust Amendment entitles Ellen to the property's equity, contrary to the conclusion in finding of fact 1.6, after she failed to make required mortgage payments. Second, the trial court's calculation of Ellen's debt to the Trust in finding of fact 1.7 is unsupported by any finding of fact on the amount of the monthly mortgage, taxes, insurance, or any rent amount that the Trust may have been entitled to receive. Finding of fact 1.7 also lacks authority to conclude that Ellen's debt should be reduced by two years. It follows that conclusion of law 2.6, entitling the Trust to a judgment amount of $15,048.74, is unsupported by the findings of fact as well. Thirdly, finding of fact 1.9, requiring the Trust to sell the property and give Ellen the proceeds, is contradicted by unchallenged finding of fact 1.4, which found that because Ellen failed to make mortgage payments the Trust is entitled to possession of the property. Because the Trust is entitled to possession of the property, the Trust cannot also be simultaneously required to sell the property. Finding of fact 1.9 is an unsupported directive as it is clearly wrong. Therefore, conclusion of law 2.4, which stayed issuance of the writ of restitution, is also incorrect because the Trust is entitled to possession.

Like the challenged conclusions of law, the order on reconsideration is contrary to finding of fact 1.4, entitling the Trust to the property, because Ellen failed to make required mortgage payments. Further, the order on reconsideration lacks any findings of fact to support it. Thus, the trial court's order on reconsideration allowing Ellen to purchase the property from the Trust, extinguishing the Trust's interest in the property, and prohibiting the Trust from offsetting the remaining mortgage value from Ellen's share of the Trust proceeds, lacks any basis in the trial court's findings of fact. The order on reconsideration is directly contrary to the settlors' intent and

we reverse it entirely. The Trust is entitled to immediate possession of the property, the Trust is not required to sell the property, and Ellen is not entitled to the property's equity should the Trust decide to sell it before the death of the surviving settlor of the Trust, Beatrice.

We hold that the trial court's challenged conclusions of law are not supported by the findings. We reverse the order on reconsideration, lift the stay on the writ of restitution, and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
WORSWICK, J.

_____
BJORGEN, A.C.J.